■ ALISON ADAMS, an Infant, by Her Mother and Natural Guardian, RACHEL ADAMS, et al., Appellants, v GRISTEDE BROTHERS, INC., Respondent. [706 NYS2d 382] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 29, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The infant plaintiff became sick with salmonella poisoning allegedly from chicken that her mother, also a plaintiff, had purchased from defendant supermarket. According to the mother and her expert in food safety, who relied on pathology reports, the infant was infected while breast feeding, a few hours after the mother had bought the chicken and shortly after she had finished preparing it for her husband, with a type of salmonella strongly associated with poultry that in all likelihood was deposited on the mother's hands during preparation, and that remained on her hands even after washing. The mother's expert's opinion was improperly presented in the form of an unsworn letter, and, in any event, plaintiffs' claim of "cross contamination" was not sufficient to demonstrate an issue of fact. In essence, it showed no more than a possibility. Accordingly, plaintiffs' cause of action for breach of the implied warranty of fitness was properly dismissed. Plaintiffs' cause of action for negligence was properly dismissed for the additional reason that they proffered no evidence at all as to defendant's handling of the chicken. Certainly, no issues of fact were raised by the mother's deposition testimony, which, insofar as relevant to the negligence cause of action, was only to the effect that when she bought the chicken, it was refrigerated, cold to the touch, within its stamped expiration date and appeared fresh. Concur—Rosenberger, J. P., Williams, Tom and Andrias, JJ.